]UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**EDITH ANNE ANGELI,**

    **Plaintiff,**

    v.                                            **Case No. 14-CV-1452-SCD**

**ANDREW M. SAUL,**
**Commissioner of Social Security,**

    **Defendant.**

---

**ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT**

---

        Edith Anne Angeli initially applied for Social Security benefits in October 2006, alleging that she was unable to work due to multiple sclerosis. *See* R. 529–42.[1] After that application was denied, Angeli reapplied for benefits in October 2010. R. 178–85. Following a hearing, an administrative law judge (ALJ) denied benefits again in 2013. R. 19–35. Angeli sought judicial review of that decision under 42 U.S.C. § 405(g), filing this action on November 18, 2014. *See* ECF No. 1. On March 6, 2017, U.S. District Judge Pamela Pepper issued an order affirming the ALJ's decision. *See* ECF No. 16. Judgment was entered the following day. *See* ECF No. 17. On April 3, 2017, Angeli filed a motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e). *See* ECF No. 18. The case was reassigned to me on July 10, 2020, after all parties consented to magistrate-judge jurisdiction under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(b). *See* ECF Nos. 24, 25, 26.[2]

---

[1] The transcript is filed on the docket at ECF No. 10-3 to ECF No. 10-22.
[2] Once consent has been established, the statute provides that "a full-time United States magistrate judge . . . may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the

Angeli argues that the ALJ violated Social Security Ruling 16-3p, 2016 SSR LEXIS 4 (Mar. 16, 2016), when he questioned her credibility based on allegedly inconsistent statements of her past work history. Angeli contends that, rather than consider her limited daily activities and chronic fatigue, the ALJ impermissibly implied that she was a liar, concluding that, because it appeared that Angeli and her husband had lied on their tax returns in order for Angeli to qualify for disability insurance benefits, Angeli must have also been lying about (i.e., exaggerating) her claimed symptoms. Angeli faults the court for upholding that ALJ's deficient reasoning and for also focusing on the earnings issue. *See* ECF No. 18 at 5–7.

Rule 59(e) permits a losing party to seek to alter or amend a judgment "when there is newly discovered evidence or there has been a manifest error of law or fact." *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006) (citing *Bordelon v. Chi. Sch. Reform Bd. of Trs.*, 233 F.3d 524, 529 (7th Cir. 2000)). "It does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013) (quoting *Bordelon*, 233 F.3d at 529). "The decision whether to grant or deny a Rule 59(e) motion is entrusted to the sound judgment of the district court." *In re Prince*, 85 F.3d 314, (7th Cir. 1995) (citing *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995)).

Angeli has failed to demonstrate an entitlement to relief under Fed. R. Civ. 59(e). SSR 16-3p superseded SSR 96-7p, 1996 SSR LEXIS 4 (July 2, 1996)—the regulation in place at the time of the ALJ's decision here—in March 2018. The Social Security Administration

---

case." 28 U.S.C. § 636(c)(1). Accordingly, I conclude that I have the authority to consider the motion to alter the judgment entered by a district judge.

explained that one of the purposes of SSR 16-3p was to "eliminat[e] the use of the term 'credibility' from [the agency's] sub-regulatory policy." 2016 SSR LEXIS 4, at *1. "In doing so, [the SSA] clarif[ied] that subjective symptom evaluation is not an examination of an individual's character. Instead, we will more closely follow our regulatory language regarding symptom evaluation." *Id.* at *1–2. SSR 16-3p requires ALJs to use a two-step process for evaluating a claimant's symptoms. First, the ALJ must "determine whether the individual has a medically determinable impairment (MDI) that could reasonably be expected to produce the individual's alleged symptoms." *Id.* at *5. Second, the ALJ must "evaluate the intensity and persistence of an individual's symptoms such as pain and determine the extent to which an individual's symptoms limit his or her ability to perform work-related activities." *Id.* at *9. In proceeding through these two steps, ALJs "must take into account several factors, 'including the claimant's daily activities, her level of pain or symptoms, aggravating factors, medication, treatment, and limitations.'" *Vanover v. Colvin*, 627 F. App'x 562, 566 (7th Cir. 2015) (quoting *Villano v. Astrue*, 556 F.3d 558, 562 (7th Cir. 2009)).

Whether viewed through the lens of SSR 16-3p or SSR 96-7p, the ALJ's assessment of Angeli's subjective symptoms did not rest on an improper character analysis. At step one of the sequential evaluation process, the ALJ raised concerns about Angeli's credibility, noting that tax records showed she was working after her alleged onset date and that Angeli and her husband had given inconsistent and unclear statements about Angeli's involvement in her husband's audio-visual business during the period in question. *See* R. 22–25. Ultimately, the ALJ deferred ruling on whether Angeli's work activity constituted substantial gainful activity, and he proceeded through the other four steps, concluding that the objective medical evidence showed that Angeli's condition remained stable during the period between her alleged onset

3

date and her date last insured; according to the ALJ, this evidence suggested that Angeli may have been exaggerating her alleged symptoms. *See* R. 26–31. The ALJ did mention the inconsistent statements again later in his decision, *see* R. 31, but in doing so he didn't question Angeli's character or overall truthfulness. Rather, he appropriately determined that Angeli's complaints of disabling symptoms were inconsistent with evidence in the record that showed she continued to earn income and claim tax benefits based on her involvement in the family business after her alleged onset date.

In reviewing the ALJ's assessment, Judge Pepper did not focus on Angeli's allegedly inconsistent statements about her work history. Like the ALJ, Judge Pepper mentioned that evidence as casting doubt on Angeli's credibility but also found that the objective medical evidence and Angeli's own reported activities were inconsistent with her claimed symptoms. *See* ECF No. 16 at 12–14. Judge Pepper ultimately determined that the ALJ's credibility determination was not patently wrong, as it was logically based on the evidence in the record. That remains the proper standard for evaluating an ALJ's credibility assessment, even though the regulations no longer use the term "credibility." *See Cullinan v. Berryhill*, 878 F.3d 598, 603 (7th Cir. 2017) (quoting *Murphy v. Colvin*, 759 F.3d 811, 816 (7th Cir. 2014)) ("We will overturn an ALJ's decision to discredit a claimant's alleged symptoms only if the decision is 'patently wrong,' meaning it lacks explanation or support.").

4

Case 2:14-cv-01452-SCD   Filed 07/17/20   Page 4 of 5   Document 27

Because Angeli has failed to offer newly discovered evidence or show that the court made a manifest error of law or fact in reviewing the ALJ's credibility finding, her motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e), ECF No. 18, is **DENIED**.

**SO ORDERED** this 17th day of July, 2020.

_____
STEPHEN C. DRIES
United States Magistrate Judge

5

Case 2:14-cv-01452-SCD   Filed 07/17/20   Page 5 of 5   Document 27